UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o U.S. Attorney's Office<br>Civil Division<br>555 4th Street, NW<br>Washington, D.C. 20530<br><br>             Plaintiff,<br><br>       v.<br><br>Douglas F. Greer, M.D.<br>4617 Kenmore Drive, NW<br>Washington, D.C. 20007<br><br>Douglas F. Greer, M.D., P.C.<br>1200 G Street, NW, Suite 800<br>Washington, D.C. 20005<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 16-789<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR BREACH OF CONTRACT
AND FOR SPECIFIC PERFORMANCE**
(On Breach of Settlement Agreement)

The United States of America, by and through counsel, the United States Attorney for the District of Columbia, files this law suit in pursuit of relief for the Defendants' breach of a settlement agreement. In the settlement agreement, the Defendants unambiguously promised to make payments in satisfaction of the agreement and to provide other promised valuable consideration to the United States, most notably to sell a residential property owned by Dr. Douglas F. Greer, which is not his primary residence, 1811 47th Place, NW, Washington, D.C. 20007, in satisfaction of his indebtedness to the United States. The Defendants have failed to satisfy these obligations, making only a partial payment. The United States thus seeks a monetary judgment and to compel the sale of the property through Court-ordered specific performance of this settlement provision.

## THE PARTIES

1. The Plaintiff **United States of America** appears on behalf of the Office of the United States Attorney for the District of Columbia. The U.S. Attorney's Office is the chief prosecuting authority in this District for federal civil and criminal offenses.

2. **Douglas F. Greer**, Defendant, has served as Medical Doctor in the District of Columbia, with a specialty in the field of Ophthalmology, since approximately 1975. Dr. Greer received his medical degree and internship training in New York, which included a brief period of military service.

3. Dr. Greer's medical practice operates under the business entity of **Douglas F. Greer, M.D., P.C.**, Defendant, currently doing business under the name of the Downtown Ophthalmology Center, which is located at 1200 G Street, NW, Washington, D.C.

## BACKGROUND

4. Between April 1, 2000, and December 31, 2006, Dr. Greer accepted criminal responsibility for fraudulently submitting claims, while providing services in the District of Columbia as a medical doctor, for payment to Medicare and Federal Employee Health Benefit Programs for services not rendered or not medically necessary. On July 24, 2007, Dr. Greer entered into a settlement agreement with the United States to resolve his exposure for civil claims under the False Claims Act. The settlement agreement required the Defendant to liquidate approximately $500,000.00 worth of assets and to begin making payments on the $1,000,000.00 in debt. On September 11, 2007, the Defendant liquidated $189,000.00 worth of assets and paid this sum toward his indebtedness. However, the Defendant has failed to make further payments toward his outstanding debt. On December 21, 2015, the United States

Attorney's Office sent a letter notifying the Defendants that they were in breach of the settlement agreement.

## NATURE OF CLAIM, JURISDICTION, AND VENUE

5. This is an action against the Defendants for breach of the Settlement Agreement.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

7. The Defendants and the United States Department of Health and Human Services (HHS), on whose behalf the United States advances this claim, both reside in the District of Columbia. In addition, the Settlement Agreement contract, on which this claim is based, has been implemented in the District of Columbia, and collection efforts have occurred in this District. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1391.

## COUNT I – BREACH OF SETTLEMENT AGREEMENT

8. Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint.

9. On July 24, 2007, the United States and the Defendants (hereinafter "the Parties") entered a valid and enforceable written contract, described interchangeably as either a "Settlement Agreement" or a "Settlement and Release Agreement" (attached). According to its terms, the Parties – who were represented by legal counsel – exchanged good and valuable consideration; that is, the United States agreed not to pursue a valid cause of action under the False Claims Act, 31 U.S.C. § 3729, involving treble damages and civil penalties. The Defendants agreed to pay $1,000,000.00 in settlement of these claims. The United States, in lieu of a cash payment, further agreed to accept the Defendants' commitments and promises to make payments from their interests and property subject to liquidation in exchange for a release from criminal, civil or administrative liability under various federal statutory provisions. Dr. Greer and his business, in turn, released the United States from any claims they could have asserted.

9. On September 11, 2007, the Defendants, having liquidated $189,000.00 worth of their assets, paid this sum toward their indebtedness. However, no further payments have been made or received toward the outstanding debt under the Settlement Agreement. Under the agreement, the Defendants agreed to use money from an Employee Pension and Profit Sharing Plan in satisfaction of their indebtedness, but failed to do so. The Defendants also agreed to liquidate a portion of unspecified assets of approximately $500,000.00, which appears to have been completed and paid. The Defendants agreed to sell the unencumbered property located at 1811 47th Place, NW, Washington, D.C. 20007, toward satisfaction of the debt, but failed to do so, and continued using the property for Dr. Greer's own benefit and purposes. The Defendants agreed to provide the United States with specific documentation detailing what money was obtained from the liquidation of these assets, the breach of which provision independently was identified as grounds for initiating the False Claims Act claim, under a waived statute of limitations. The Defendants, however, failed to provide this agreed documentation.

10. As a direct and proximate result of the Defendants' failure to pay, the United States has suffered the loss of the unpaid monies and value and suffered loss of the use of the monies. Moreover, the United States suffered the loss of the use and benefit of the documentation the Defendants agreed to provide about the liquidation of the assets. The United States, as the entity responsible for law enforcement in this District suffered a lost opportunity to enforce the law and protect the public and the government from the improper conduct of a medical doctor fraudulently submitting claims for payment to Medicare and Federal Employee Health Benefit Programs for services not rendered or not medically necessary.

**DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, because of injuries proximately caused by the Defendants' breach of the Settlement Agreement and suffered by the United States as a result, Plaintiff demands judgment against the Defendants, Douglas F. Greer, M.D. and Douglas F. Greer, M.D., P.C., for the principal amount of $811,000.00, and demands the following categories and kinds of additional relief:

A. SPECIFIC PERFORMANCE OF THE SETTLEMENT AGREEMENT

   1) Plaintiff demands that the Court order the Defendants to honor their commitment under the Settlement Agreement, specifically perform their obligation to liquidate funds from the Douglas F. Greer, M.D., P.C. Employees Pension and Profit Sharing Plan, minus any taxes and costs, and apply the proceeds in satisfaction of the Defendants' indebtedness, without which complete justice is unattainable.

   2) Plaintiff demands that the Court order the Defendants to honor their commitment under the Settlement Agreement, specifically perform their obligation to sell the Real Property located at 1811 47th Place, NW, Washington, D.C. 20007, and apply the proceeds, minus any taxes and costs, in satisfaction of the Defendants' indebtedness, without which complete justice is unattainable.

B. PROVIDE SUCH OTHER AND FURTHER RELIEF AS IS JUST AND PROPER

   Plaintiff demands that the Court order such other and further relief as is just and proper, including, but not limited to, the following payments or obligations by the Defendants:

   1) Any and all reasonable fees and costs.

   2) Any applicable statutory surcharge, including the 10 percent surcharge authorized under 28 U.S.C. § 3011.

3) Any reasonable and necessary injunctive relief.

C. ATTACHMENT OF THE REAL PROPERTY

Pursuant to 28 U.S.C. § 3102, Plaintiff seeks attachment of the Real Property at 1811 47th Place, NW, Washington, D.C. 20007, to be held for security in satisfaction of any judgment awarded in this case, supported by a showing made under 28 U.S.C. § 3101(b).

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, D.C. 20530
(202) 252-2508/(202) 252-2599
oliver.mcdaniel@usdoj.gov

April 27, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing Complaint for Breach of Contract and for Specific Performance, to be served on the following recipients by U.S. mail, and also on the Representatives by personal service, initiated this date:

Steven M. Cady
Williams & Connolloy LLP
725 Twelfth Street, NW
Washington, D.C.  20005
scady@wc.com

Douglas F. Greer, M.D.
4617 Kenmore Drive, NW
Washington, D.C. 20007

Douglas F. Greer, M.D.
Douglas F. Greer, M.D., P.C.
1200 G Street, NW, Suite 800
Washington, D.C.  20005

on this 27th day of April, 2016.

_____/s/_____
OLIVER W. McDANIEL
Assistant United States Attorney